UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO:

GAIL CAUDLE

    Plaintiff,

v.

THE TJX COMPANIES, INC.
d/b/a TJ Maxx at Lake City Mall

    Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Gail Caudle, by and through her undersigned counsel, hereby sues Defendant, The TJX Companies, Inc. doing business as TJ Maxx at Lake City Mall for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue lies in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 1.04, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

3. Defendant, The TJX Companies, Inc. is authorized to conduct and is conducting business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff, Gail Caudle ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as she is disabled with CRPS in her left hip and thigh (following hip surgery) and with CRPS in her right lower leg and foot (following ankle surgery), which spasms and pain cause her to be unable to walk, as she is also unable to put any weight on her right leg or foot. Consequently, Plaintiff uses a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant, The TJX Companies, Inc. ("Defendant") is a foreign for-profit corporation authorized to transact business in the state of Florida. The TJX Companies, Inc., is an American multinational corporation headquartered in Farmington, Massachusetts. Defendant, TJX owns and operates the TJ Maxx, Marshalls, HomeGoods and HomeSense discount store chains as well as Sierra department stores. There are over 1,271 TJ Maxx retail stores throughout the United States.

*Caudle v. The TJX Companies Inc., et al*
*Complaint*

## FACTS

6. Defendant owns and operates the TJ Maxx discount store within the Lake City Mall regional shopping center located at 2469 West US Hwy 90, Lake City, Florida 32055 which address also includes the TJ Maxx which is the subject of this instant action.

7. As with all TJ Maxx brand discount retail stores, Defendant's TJ Maxx at Lake City Mall is a place of public accommodation pursuant to 42 U.S.C. §§12181(7)(E) as an "other sales establishment." The TJ Maxx at Lake City Mall which is the subject of this complaint is also referenced as "TJ Maxx (retail store)," "TJ Maxx at Lake City Mall," "retail store," or "place of public accommodation."

8. As the operator of TJ Maxx brand retail stores which are open to the public, Defendant TJX Companies is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates retail stores; 42 U.S.C. §12182, 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

9. Due to the close proximity to Plaintiff's home to the Lake City Mall, Plaintiff has been patronizing the TJ Maxx store at Lake City Mall for many years.

10. Due to the fact that she perambulates with the assistance of a wheelchair, Plaintiff has met barriers to access while patronizing the TJ Maxx at Lake City Mall. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by Defendant.

11. As the owner of over 1,271 TJ Maxx discount stores, Defendant is well aware of the ADA and the need to provide for equal access in all areas of its discount stores. Therefore, Defendant's failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its TJ Maxx at Lake City Mall is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

12. As a result of Defendant's discrimination, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

13. Plaintiff continues to desire to patronize the TJ Maxx at Lake City Mall but continues to be injured in that she continues to be discriminated against due to the barriers to access within that retail store which are in violation of the ADA.

14. Any and all requisite notice has been provided.

15. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

## **COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

16. The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 32 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

17. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

18. Prior to the filing of this lawsuit, Plaintiff personally visited the TJ Maxx at Lake City Mall to shop, however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

*Caudle v. The TJX Companies Inc., et al*
*Complaint*

19. Defendant has discriminated (and continues to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at its TJ Maxx at Lake City Mall in derogation of 42 U.S.C.§12101 *et seq.* and as prohibited by 42 U.S.C.§12182 *et seq.* by failing to remove barriers to access pursuant to 42 U.S.C.§12182(b)(2)(a)(iv), where such removal is readily achievable.

20. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendant's TJ Maxx at Lake City Mall retail store.

21. Defendant is governed by the ADA and must be in compliance therewith. However, Defendant has discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

22. Pursuant to the mandates of 42 U.S.C.§12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

*Caudle v. The TJX Companies Inc., et al*
*Complaint*

23. Defendant's TJ Maxx at Lake City Mall retail store is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and Defendant is discriminating against Plaintiff as a result of *inter alia*, the following specific violations:

  i. Plaintiff had difficulty opening the restroom door without assistance, as there is a trash bin encroaching over the maneuvering clearance on the pull side of the door. The fact that the restroom door does not provide the required maneuvering clearance is a violation Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design. Section 4.13.6 states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case.

  ii. Plaintiff had difficulty closing the stall door as the accessible toilet compartment (stall) door does not provide self-closing hinges. This is a violation of Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design which states that toilet compartment doors shall be self-closing. This is also a violation of Sections 4.17.5 and 4.13.10 of the ADAAG. Section 4.17.5 states that toilet door hardware must comply with Section 4.13, and

       Section 4.13.10 states that door closers must take at least 3 seconds to move to a point of 3" from the latch.

iii.    Plaintiff could not transfer to the toilet without assistance, as the toilet seat does not have the required height at the top of the seat. This is a violation of Section 4.16.3 of the ADAAG which states that the height of water closets (seats) shall be 17 inches to 19 inches (430 mm to 485 mm), measured to the top of the toilet seat, as depicted at Fig. 29(b) of that section. This is also a violation of Section 604.4 of the 2010 ADA Standards for Accessible Design which states the same dimensions as Section 4.16.3 are required for mounting of toilet seats.

iv.    Plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due to the encroaching item (trash can), which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 of the 2010 ADA Standards for Accessible Design which states that water closet clearance (floor space) shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

    v.    Plaintiff could not use the lavatory mirror as the mirror is mounted too high, which is in violation of Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards for Accessible Design which state that mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finished floor or ground and mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finished floor or ground.

    vi.    Plaintiff could not use the lavatory sink (inside the stall) without assistance, as the lavatory sink does not provide knee clearance above the finished floor to the bottom leading edge of the fixture at an 8" horizontal projection. This failure is in violation of 28 C.F.R. Part 36, Section 4.19.2 of the ADAAG and Section 606.2 of the 2010 ADA Standards for Accessible Design. Section 4.19.2 of the ADAAG states that lavatories shall be mounted with the rim or counter surface no higher than 34 in (865 mm) above the finished floor, provide a clearance of at least 29 in (735 mm) above the finished floor to the bottom of the apron and that knee and toe clearance shall comply with Fig. 31 of that section. Section 606.2 states that knee clearance must be provided a minimum of 4 inches (610 mm) above the finished floor or ground. Section 606.2 states that knee clearance must be

      provided a minimum of 4 inches (610 mm) above the finished floor or ground.

vii.   Plaintiff also could not use the lavatory sink (outside the stall) without assistance, as the lavatory sink outside the stall also does not provide knee clearance above the finished floor to the bottom leading edge of the fixture at an 8" horizontal projection. This is an additional violation of 28 C.F.R. Part 36, Section 4.19.2 of the ADAAG and Section 606.2 of the 2010 ADA Standards for Accessible Design.

    24.    Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendant has been required to make its TJ Maxx at Lake City Mall retail store accessible to persons with disabilities since January 28, 1992 and Defendant has failed to comply with this mandate.

    25.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief; including an order for Defendant to alter its TJ Maxx at Lake City Mall retail store such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

    **WHEREFORE,** Plaintiff, Gail Caudle hereby demands judgment against Defendant, The TJX Companies, Inc. and requests the following injunctive and declaratory relief:

    a)    The Court declare that Defendant has violated the ADA;

*Caudle v. The TJX Companies Inc., et al*
*Complaint*

b) The Court enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendant to alter its TJ Maxx at Lake City Mall retail store such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorney's fees; and

e) The Court award all other relief that may be necessary and appropriate.

Respectfully submitted on this October 6, 2022.

By: */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Attorney for Plaintiff*